# Birmingham Railway, Light & Power Co. *v.* Vernon.

### Injury on Track.

(Decided November 16, 1916.   73 South. 75.)

1. **Street Railways; Injury on Track; Jury Question.**—The evidence examined and held to warrant a submission to the jury of the count charging wanton injury.

2. **Same; Contributory Negligence.**—The court cannot say, as a matter of law, that plaintiff was guilty of contributory negligence in driving his wagon along a public street, without riding backward, and keeping a lookout for approaching vehicles.

3. **Same; Instruction.**—An instruction that if the motorman acted as an ordinarily reasonable person would have acted under similar circumstances, defendant was not liable, omitted to exact such care as a skillful motorman would have exercised, and was therefore faulty.

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. B. SMITH.

Action by Jesse Vernon, pro ami, against the Birmingham Railway, Light & Power Company for damages for personal injury. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

The complaint contained two counts, one in simple negligence, and one for wanton injury. The facts alleged are that plaintiff was riding in a wagon along the public highway on a public street in the city of Birmingham where defendant maintained street car tracks on grade and embedded in the street, and that while so riding a car operated by defendant collided with the wagon, and caused the injuries set out in the complaint. The facts sufficiently appear. Charge 11 refused to defendant is as follows:

[Birmingham Railway, Light & Power Co. v. Vernon.]

If you believe from the evidence that defendant's motorman acted as an ordinarily reasonable person would have acted under similar circumstances, it would be your duty to return a verdict for defendant.

TILLMAN, BRADLEY & MORROW, T. A. McFARLAND, and P. P. WALDROP, for appellant.    BONDURANT & SMITH, for appellee.

ANDERSON, C. J.— (1) There was evidence from which the jury could infer that the motorman saw the plaintiff's wagon for some distance so near the car track as to render a collision inevitable when the car overtook the wagon, and that, notwithstanding this fact, the said motorman proceeded without alarm or signal, and with a knowledge that the plaintiff was not aware of the approach of the car, and without an attempt to check or stop said car until it was too late to prevent a collision.   In other words, there was evidence from which the jury could infer that the motorman, after a consciousness of the plaintiff's peril and with a consciousness of the fact also that he would be injured unless he was informed of his danger or unless the car was checked or stopped, proceeded, without signal or warning, until he ran into the wagon, although the injury could have been avoided by first warning the plaintiff, or by slowing or stopping the car before he attempted to do so.   The motorman admitted seeing the plaintiff cross the track and until his wagon was struck, but claims that he was but a few feet off, and that he gave a signal, and then stopped the car as soon as he could, but the plaintiff's evidence tended to show that he was not injured when crossing, but after he had crossed and had gone up the street some distance parallel with the car track in a straight line and all the time dangerously close to the said track.   The trial court did not err in submitting the wanton count of the complaint to the jury or in refusing the defendant's charges based upon the theory that there was not sufficient evidence to take this count to the jury.

(2) We cannot say as matter of law that the plaintiff was guilty of contributory negligence for driving his wagon along a public street without riding backwards and keeping a lookout for approaching vehicles.

(3) There was no error in refusing the defendant's requested charge 11.   If not otherwise faulty, it exacted only such care as

would be used by an ordinary person instead of one skilled in the running and handling of street cars.

We cannot say that the trial court erred in refusing to grant a new trial.

The judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.